# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-109-MR
# [1:07-cr-101-MR]

| | |
|---|---|
| ROBERT WESLEY CLAYTON, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [Doc. 1]. For the reasons that follow, the Court finds that the petition must be dismissed as untimely.

## PROCEDURAL HISTORY

Petitioner Robert Wesley Clayton was indicted by the Grand Jury for the Western District of North Carolina on October 24, 2007, and charged with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:07cr101-MR-2, Doc. 1: Indictment]. On January 16, 2008, the Government filed an information in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek an enhanced sentence

1

based on Petitioner's prior conviction for a felony drug offense. [Id., Doc. 66: Section 851 Notice]. Two months later, Petitioner entered into a written plea agreement with the Government. [Id., Doc. 80: Plea Agreement]. In the plea agreement, Petitioner stipulated that the amount of methamphetamine mixture that was reasonably foreseeable to him was at least 40 but less than 50 grams. [Id. at 2]. Petitioner also agreed to waive "all rights to appeal or collaterally attack the sentence of conviction," with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 5]. In exchange for these concessions, the Government agreed to withdraw its § 851 notice. See [Id., Doc. 125 at 3: Motion for Downward Departure].

In preparation for sentencing, the probation officer prepared a Presentence Report ("PSR"). Based on a drug quantity of at least 40 but less than 50 grams of methamphetamine mixture, the probation officer calculated a base offense level of 24. [Id., Doc. 122 at 10: PSR].

The probation officer also determined that Petitioner qualified as a career offender under United States Sentencing Guideline § 4B1.1, resulting in an adjusted offense level of 32 and a total offense level, after a three-level reduction for acceptance of responsibility, of 29. [Id. at 11]. Based on a total offense level of 29 and a criminal history category of VI,

the probation officer calculated an advisory Guidelines range of 151 to 188 months. [Id. at 22]. Before Petitioner's sentencing hearing, the Government filed a motion for downward departure based on Petitioner's substantial assistance, under Sentencing Guidelines § 5K1.1, and this Court ultimately sentenced Petitioner to 130 months in prison, entering its judgment on September 3, 2008. [Id., Doc. 131: Judgment]. Petitioner did not appeal.

Petitioner filed the instant petition through counsel on May 24, 2012. [Doc. 1]. In the § 2255 petition, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that under Simmons he was improperly classified as a career offender based on prior North Carolina felony drug convictions. Petitioner also seeks relief alternatively under 28 U.S.C. § 2241.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that

3

this matter can be resolved without an evidentiary hearing. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner was convicted on September 3, 2008, and did not appeal. His conviction, therefore, became final fourteen days (ten business days) later on September 17, 2008. The one-year limitations period under

4

§ 2255(f)(1) expired on September 17, 2009. Petitioner filed the instant § 2255 petition on May 24, 2012. Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, his petition is untimely under § 2255(f)(1).

Petitioner concedes that he did not file his § 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely under § 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1] 28 U.S.C. § 2255(f)(4). Petitioner suggests that the holding in Simmons that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial § 2255 petition on the basis of new legal authority; rather

---

[1] Petitioner also argues in his brief, which was submitted before the Fourth Circuit's opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), that his petition is timely under § 2255(f)(3). The Fourth Circuit in Powell squarely rejected this timeliness argument.

"subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because § 2255(f)(4) does not serve to re-open the time period for filing an initial § 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

In a supplemental filing [Doc. 11, June 24, 2013], the Petitoiner asserts that his Petition is timely pursuant to McQuiggin v. Perkins, 569 U.S. ___, No.12-126 (May 28, 2013). Petitioner's reliance on McQuiggin, however, is misplaced. In McQuiggin the Supreme Court held that a petition based on actual innocence is timely, even if filed after the one year period. Petitioner herein does not assert that he is innocent. Quite the contrary, Petitioner admitted his guilt. He merely claims that his sentence

was calculated incorrectly.  McQuiggin has no applicability to this situation.

Furthermore, even if this Court were to apply equitable tolling Petitioner would still not be entitled to Simmons relief because Petitioner received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement.  See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).  As such, Petitioner's challenge fails under the plain terms of 28 U.S.C. § 2255(a) (providing for attack of sentence that is in excess of that maximum as authorized by law).

In addition to the fact that the § 2555 petition is time-barred and without merit, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement.  See [Criminal Case No. 1:07cr101-MR-2, Doc. 80 at 5: Plea Agreement].  Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to

appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

Petitioner also seeks alternative relief under 28 U.S.C. § 2241. A petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence which he contends was based on a prior drug conviction that he asserts is no longer properly considered in calculating a sentencing enhancement. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate. Moreover, as the Court has observed, without consideration of the prior drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum. For these reasons, Petitioner is not entitled to relief under § 2241.

For the reasons stated herein, the petition will be dismissed as untimely.

## CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 as untimely. Furthermore, Petitioner is not entitled to alternative relief under § 2241.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

# O R D E R

**IT IS, THEREFORE, ORDERED THAT** Petitioner's § 2255 motion, [Doc. 1], is **DISMISSED** with prejudice as untimely. Furthermore, Petitioner is not entitled to alternative relief under § 2241.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the court declines to issue a certificate of appealability.

Signed: July 5, 2013

Martin Reidinger
United States District Judge